Rebecca FOWLER–CORNWELL,
Petitioner,

v.

UNITED STATES of America,
Respondent.

Nos. CIV. A. 3:98–CV–19, CIV.
A. 3:95–CR–12–2.

United States District Court,
N.D. West Virginia,
Martinsburg.

Aug. 14, 2001.

### ORDER PRONOUNCING THE COURT'S FINDINGS AS TO THE PETITIONER'S FINAL AMENDED PETITION/MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

BROADWATER, District Judge.

On March 30, 2001, the petitioner, by counsel, filed her Final Amended Petition/Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. On July 2, 2001, the parties appeared before the Court and presented oral arguments on the motion. Upon review of the parties' memorandum filed in this matter and after consideration of the arguments presented, the Court makes the following findings.

### I. BACKGROUND

The petitioner was one of fifteen individuals named in a 113–count Indictment returned by a Federal Grand Jury for the Northern District of West Virginia on November 30, 1995. The petitioner was named in twenty-seven (27) counts of the Indictment.

On June 4, 1996, the petitioner signed a written plea agreement with the United States agreeing to enter a guilty plea to Count Eighty of the Indictment which charged her with felon in possession of a firearm, a Rossi Model 68 revolver, .38 caliber, Serial No. AA305386, on or about February 2, 1995 at or near Charles Town, Jefferson County, West Virginia within the Northern District of West Virginia, in violation of Title 18 U.S.C. § 922(g)(1), and also to Count Ninety–Six which charged her with distribution of 1.33 grams of cocaine base on or about April 5, 1995 at or near Martinsburg, Berkeley County, West Virginia, within the Northern District of West Virginia, in violation of Title 21 U.S.C. § 841(a)(1). On June 10, 1996, a change of plea hearing was held pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

After a presentence report was prepared, a sentencing hearing was held on November 4, 1996. The petitioner was sentenced to a total punishment of 324 months incarceration, followed by 3 years of supervised release. Specifically, the petitioner was sentenced to 120 months on Count Eighty and 240 months on Count Ninety–Six to run consecutively to each other to the extent necessary to receive a total punishment of 324 months. It is this sentence that the petitioner now seeks the Court to vacate.

### II. STANDARD OF REVIEW

Title 28 U.S.C. § 2255, provides in pertinent part that a prisoner in custody under a sentence imposed by a federal court, who claims that her "sentence is imposed in violation of the Constitution or laws of the United States," may move the court which imposed the sentence to vacate, set aside or correct the sentence. If the court finds that there has been "such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resen-

tence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255.

Pursuant to 28 U.S.C. § 2255, the petitioner asserts that her sentence has been imposed in violation of her Constitutional rights. Specifically, the petitioner asserts that she was denied her Sixth Amendment right to effective assistance of counsel in the underlying criminal proceeding.

■ The standard of review for claims of ineffective assistance of counsel is that announced by the Supreme Court in *Strickland.* A convicted defendant claiming ineffective assistance "must show that counsel's representation fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *See id.* at 694, 104 S.Ct. at 2068.

■ When a defendant challenges a conviction after entering a guilty plea, the "prejudice" prong of the test is slightly modified. In evaluating a post guilty plea claim of ineffective assistance of counsel, statements made under oath affirming satisfaction with counsel are binding, absent clear and convincing evidence to the contrary. *See Blackledge v. Allison,* 431 U.S. 63, 74–75, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). A defendant who alleges ineffective assistance of counsel following a guilty plea has an even higher burden: but for counsel's mistakes, the defendant would have gone to trial instead of pleading guilty. *See Hooper v. Garraghty,* 845 F.2d 471, 475 (4th Cir.1988). Inasmuch as the petitioner entered a guilty plea, this is the standard that she must meet.

## III. ANALYSIS

■ The petitioner first alleges that her former attorney could and should have objected to the two-level enhancement in paragraph 21 of the presentence report on the basis that there was no evidence that any weapon was connected with the drug count to which the petitioner pled. However, the petitioner misstates the law. To sustain an enhancement under § 2D.1.1(b)(1) of the United States Sentencing Guidelines, the weapon does not have to be connected with the count of conviction.

The Fourth Circuit has held that a sentencing court must look to the defendant's entire relevant conduct including possession of a gun while engaging in drug sales related to, though distinct from, the crime of conviction. *See United States v. Falesbork,* 5 F.3d 715 (4th Cir.1993). Thus, even if the petitioner's counsel had made the objection, in light of the Fourth Circuit case law, it would not have changed the outcome of the proceeding, and the petitioner cannot show that she was prejudiced.

■ The petitioner also argues that her counsel could have and should have objected to the determination of the total criminal history points in paragraph 51 of the presentence report. To support this argument, the petitioner asserts that her counsel should have argued that the information contained in paragraphs 33 and 34 was insufficient as a matter of law to determine whether the uttering offenses discussed in those paragraphs, for which the petitioner received a total of five criminal history points, were part of a "common scheme or plan" and thus "related" as the term is used in U.S.S.G. § 4A1.2(a). The petitioner further asserts that if it had been determined that those offenses were related, than she would have received only three

criminal history points for those offenses instead of five.

The petitioner correctly asserts that if her attorney had made this objection and it had been sustained, her criminal history points would have been reduced by two points. However, the petitioner's total criminal history points would have been 10 and she would have remained in criminal history category V. Thus, her sentence would have been unchanged by this objection and the petitioner has failed to show prejudice.

■ Finally, the petitioner states that at no time prior to the sentencing hearing did counsel inform or discuss with her the concept of "total punishment" or its impact on her sentence. The petitioner asserts that her counsel failed to advise her that under U.S.S.G. § 5G1.2 her sentence on the firearm offense could not be made to run totally concurrent with her sentence on the distribution offense.

Petitioner has made a reasonable showing on this ground that undermines the outcome of her sentence. The petitioner turned down a prior plea offer by the United States in which she would have pled guilty to a firearm count under 18 U.S.C. § 924(c) along with the § 841(a)(1) count because the § 924(c) sentence would have to run consecutive to any sentence she received for her § 841(a)(1) conviction. The total maximum sentence that she faced under that proposed plea was twenty-five years. Thus, it is probable that but for her counsel's failure to inform her that her sentences would have to run consecutively, she would have proceeded to trial and rejected a plea agreement where the absolute minimum sentence that she faced was twenty-seven years. *See Hooper v. D.A. Garraghty*, 845 F.2d 471 (4th Cir. 1988). Thus, as to this argument, the petitioner can satisfy the prejudice prong of *Strickland.*

The petitioner can also satisfy the performance prong of *Strickland.* In his letter to Assistant United States Attorney, Thomas Mucklow, dated October 20, 1999, petitioner's counsel in the underlying criminal matter stated that at the time of sentencing and prior thereto, he did not know that the sentences could not be made to run entirely concurrent. Counsel was not aware of U.S.S.G. § 5G1.2(d) (Sentencing on Multiple Counts of Conviction) and did not understand the consequences it had on the petitioner's case. This section of the guidelines addresses how a defendant is sentenced for more than one criminal offense, such as in the case of petitioner. The Court notes that the United States Sentencing Guidelines are complex with many provisions, and that the Fourth Circuit has reversed this Court several times on issues relating to the sentencing guidelines. However, when counsel advises a defendant to plead to more than one criminal offense and does not familiarize himself with the guideline section dealing with multiple counts, this conduct falls below any objective standard of reasonableness.

Moreover, the probation officer clearly addressed the impact of U.S.S.G. § 5G1.2(d) in the presentence report on page 18, paragraphs 68 and 69. At the sentencing hearing, the sentencing judge asked petitioner's counsel if he received and reviewed the presentence report, and counsel responded affirmatively. Thus, counsel's conduct, by remaining unaware of this section at the time of sentencing and the impact this section would have on the petitioner's sentence, clearly falls below any objective standard of reasonableness.

The petitioner has satisfied the standards articulated by the Supreme Court in *Strickland* and the Fourth Circuit in *Hooper.* Therefore, the petitioner has met her

burden of proving that she was prejudiced by her counsel's failure to inform her of the impact of U.S.S.G. § 5G1.2 on her sentence, that this failure was below any objective standard of reasonableness, and that had she known of the impact of U.S.S.G. § 5G1.2 she would have proceeded to trial.

## IV. CONCLUSION

Inasmuch as the Court has found that the petitioner was denied her Sixth Amendment right to effective assistance of counsel, the Court hereby **ORDERS** that the petitioner's motion be, and hereby is, **GRANTED.** Therefore, the petitioner's sentence is hereby **VACATED** and the plea agreement between the petitioner and the United States is set aside and the Court **GRANTS** the petitioner a new trial. Accordingly, the Court **ORDERS** the Bureau of Prisons to release the petitioner to the custody of the United States Marshal Service pending trial and further **ORDERS** the United States Marshal Service to place the petitioner in the Eastern Regional Jail in Martinsburg, West Virginia to await her new trial.

The Clerk is directed to transmit true copies of this Order to Petitioner, Reg. No. 286497F, at F.C.C.W., Building 3–A, P.O. Box 1000, Troy, VA 22974, the Warden of F.C.C.W., the **RECORDS DEPART-MENT** at F.C.C.W., the United States Marshal Service, the United States Probation Office, and all counsel of record herein.